**Reversed and Remanded and Memorandum Majority and Dissenting Opinions filed March 21, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00636-CR

---

## JUSTIN WILLIAM HARDY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CR-3455**

---

## MEMORANDUM  DISSENTING  OPINION

Assuming, as the majority concludes, that the trial court erroneously allowed an expert to answer a single question regarding the BAC of a hypothetical average person one hour before a blood draw, I would hold that the error is harmless in light of the entire record.  Because the majority finds the error harmful, I respectfully dissent.

The jury heard, without objection, that the average person's BAC elimination rate is 0.02 grams of alcohol per hour. The objected-to testimony applied this elimination rate to determine that the average person's BAC would change from 0.15 to 0.17. Thus, the objected-to testimony was largely cumulative of other evidence—it was an attempt to apply the unobjected-to evidence of an average elimination rate.

Moreover, the potential impact of this evidence on the jury was lessened by counsel's cross-examination of the witness. She agreed that there was "no way" for her to calculate appellant's BAC at the time of driving or to calculate his elimination rate.

The State sought a conviction based on the per se definition of intoxication, and appellant disputed the reliability of the BAC testing at trial. So, the State's arguments and the jury's questions naturally concerned BAC testing. But, none of the arguments or questions concerned any *retrograde extrapolation* of appellant's BAC. The arguments and questions did not even mention absorption or elimination or the average elimination rate.

The nature of the evidence, arguments, and jury questions in this case do not contain the indicators of harm found in the cases cited by the majority. *See Bagheri v. State*, 119 S.W.3d 755 (Tex. Crim. App. 2003); *Veliz v. State*, 474 S.W.3d 354 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Considering the entire record, I have a fair assurance that the erroneous admission of a single hypothetical question and answer—applying the admitted evidence of a standard elimination rate—did not influence the jury or had but a slight effect.

I would affirm the trial court's judgment.

/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Zimmerer, and Poissant.  (Poissant, J., majority).

Do Not Publish — TEX. R. APP. P. 47.2(b).